UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LEE LUCAS (#338382)                                CIVIL ACTION

VERSUS

BILLY CANNON, ET AL.                               NO. 12-0229-FJP-DLD

ORDER

This matter comes before the Court on the plaintiff's Motion for Preliminary Injunction, rec.doc.no. 2.

The pro se plaintiff, an inmate previously confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against LSP Dentist Billy Cannon and LSP Warden Burl Cain, complaining that the defendants violated his constitutional rights while he was confined at that institution through deliberate indifference to his serious medical needs, specifically through a failure to provide him with appropriate dental treatment. In the instant motion for injunctive relief, the plaintiff complains that the defendants refused to allow him to retain the services of a private dentist to repair a broken dental crown. He prays for an order "enjoining the defendants from their actions."

The plaintiff is not entitled to the relief requested. Specifically, inasmuch as he has since been transferred to a different institution, such transfer has rendered his request for injunctive relief moot. See, e.g., Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001). In addition, the Court finds that the plaintiff's motion is lacking in both sufficient factual detail and a sufficient allegation of actual or irreparable harm or injury as would support a finding that injunctive relief should be granted. Specifically, the Court is unable to evaluate the seriousness of the plaintiff's medical condition or the likelihood of any harm or injury which may result from the alleged failure to provide him with the medical care which he desires. It appears, therefore, that the plaintiff's claims are susceptible of

being adequately addressed in this ordinary proceeding and that his request for injunctive relief should be denied. Specifically, the plaintiff has failed to establish, with any degree of certainty, any of the four elements warranting such relief at the present time: (1) a likelihood of irreparable injury, (2) an absence of harm to the defendants if injunctive relief is granted, (3) an interest consistent with the public good, and (4) a substantial likelihood of success on the merits. Canal Authority v. Callaway, 489 F.2d 567 (5th Cir. 1974). Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Preliminary Injunction, rec.doc.no. 2, be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this ___24___ day of May, 2012.

_____
**FRANK J. POLOZOLA**
**UNITED STATES DISTRICT JUDGE**